**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

NOT FOR PUBLICATION

| | |
|---|---|
| ORLY KONYO, | Civil Action No. |
| Plaintiff, | 2:16-CV-02452-SDW-SCM |
| v. | |
| ARS NATIONAL SERVICES, INC., *et al.*, | **OPINION AND ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND** |
| Defendants. | **[D.E. 17]** |

**STEVEN C. MANNION**, United States Magistrate Judge.

Before the Court is Plaintiff Orly Konyo's ("Ms. Konyo") motion for leave to file an amended complaint.[1] Defendant ARS National Services, Inc. ("ARS") opposed the motion and Ms. Konyo has replied.[2] The Court has reviewed the parties' respective submissions, and heard oral argument on April 25, 2017.[3] For the reasons set forth herein, Ms. Konyo's motion is **granted in part and denied in part**.

---

[1] (ECF Docket Entry ("D.E.") 17).

[2] (D.E. 19, 22).

[3] Fed. R. Civ. P. 78.

I.  **BACKGROUND AND PROCEDURAL HISTORY**[4]

This action arises from allegations that ARS violated the Fair Debt Collection Practices Act ("the Fair Debt Act"), 15 U.S.C. § 1692, *et seq.*, while attempting to collect on an unpaid debt.[5] Ms. Konyo claims that she received an April 10, 2015 collection letter from ARS that used "false, deceptive or misleading representation[s]" in violation of §§ 1692(e) and (f) of the Act.[6] On May 2, 2016, ARS removed the action to this Court.[7] After ARS answered the Complaint, the Court conducted an initial conference with the parties and entered a scheduling order.[8] The scheduling order provided, among other things, that "the party seeking to amend or supplement [a pleading] shall request leave to file no later than [December 13, 2016]."[9]

On December 6, 2016, the Court conducted a telephone status conference with the parties. During this call, Ms. Konyo alerted ARS and the Court of her intention to file a proposed amended complaint.[10] On December 26, 2016, Ms. Konyo provided ARS with a copy of her proposed

---

[4] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[5] (*See generally* D.E. 1-1, Compl.).

[6] (*Id.* ¶¶ 28, 30-34).

[7] (*See* D.E. 1, Notice of Removal). The complaint was first filed in the Superior Court of New Jersey, Bergen County, on about April 6, 2016.

[8] (D.E. 9).

[9] (*Id.* ¶ 13 at 3).

[10] (D.E. 14).

pleading.[11] After failing to obtain consent, Ms. Konyo filed the present motion for leave to amend.[12]

The proposed amended complaint seeks to add a statutory violation of § 1692(d) of the Fair Debt Act,[13] new factual allegations related to statements in the April 2015 collection letter regarding IRS Form 1099 reporting requirements,[14] and class-action allegations to include a proposed class of "[a]ll New Jersey consumers who were sent collection letters from Defendant, which contain at least one of the alleged violations arising from Defendant's violation of 15 U.S.C. section 1692 *et. seq.*" for a period beginning one year prior to the filing of the original complaint.[15] ARS argues that Ms. Konyo did not act diligently in seeking to amend her complaint and that the proposed amendments, if granted, would be futile and unfairly prejudicial.[16] ARS further argues that the proposed claims are barred by the expiration of the statute of limitations and that relation back is improper.[17]

## II. <u>MAGISTRATE JUDGE AUTHORITY</u>

Magistrate judges are authorized to decide any non-dispositive motion designated by the Court.[18] This District has specified that magistrate judges may determine any non-dispositive pre-

---

[11] (D.E. 15 at n.1); (D.E. 16).

[12] (D.E. 17-1, Pl.'s Br. at 2).

[13] (D.E. 17-2, Ex. E, Proposed Am. Compl. ¶ 55 at 52).

[14] (D.E. 17-1, Pl.'s Br. at 2).

[15] (D.E. 17-2, Ex. E, Proposed Am. Compl. ¶¶ 1-2 at 43).

[16] (*See generally* D.E. 19, Def.'s Opp.).

[17] (*See generally id.*)(citing Fed. R. Civ. P. 15(c)(1)(C)).

[18] 28 U.S.C. § 636(b)(1)(A).

trial motion.[19] Motions to amend are non-dispositive.[20] Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law."[21]

## III. DISCUSSION & ANALYSIS

### A. Rule 16 "Good Cause" Analysis

The threshold issue in resolving the present motion is to determine whether Rule 15 or Rule 16 of the Federal Rules of Civil Procedure governs.[22] While leave to amend under Rule 15 is generally freely given, Rule 16 requires a party to demonstrate "good cause."[23] Ms. Konyo filed her motion for leave to amend the complaint after the deadline set by the Court, and ARS objects to the late filing. Therefore, Ms. Konyo must show "good cause" for her failure to comply with the deadline set forth in the scheduling order before the Court can consider her motion.[24]

---

[19] L. Civ. R. 72.1(a)(1).

[20] *Continental Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 251 (3rd Cir. 1998) (internal citations omitted).

[21] 28 U.S.C. § 636(b)(1)(A).

[22] *See Sabatino v. Union Twp.*, No. 11-1656, 2013 WL 1622306, at *2 (D.N.J. Apr. 15, 2013) (citing *Karlo v. Pittsburgh Glass Works, LLC,* No. 10–1283, 2011 WL 5170445, at *2 (W.D.Pa. Oct. 31, 2011) (internal quotations omitted)).

[23] *See id.* (citing Fed. R. Civ. P. 15(a)(2) and Fed. R. Civ. P. 16(b)(4)).

[24] *See Sabatino*, 2013 WL 1622306, at *3 (internal citations omitted); *Stallings ex rel. Estate of Stallings v. IBM Corp.*, No. 08-3121, 2009 WL 2905471, at *16 (D.N.J. Sept. 8, 2009) ("Where deadlines for amending pleadings are the subject of a scheduling order and the deadlines have passed, the moving party must meet Rule 16's good cause standard in order to amend.") (internal citations omitted).

Whether good cause exists largely depends on the diligence of the moving party.[25] Under some circumstances, good cause may be found based on a "mistake, excusable neglect or any other factor which might understandably account for failure of counsel to undertake to comply with the [s]cheduling [o]rder."[26] What will constitute "good cause" to warrant modification "necessarily varies with the circumstances of each case." [27] Thus, the Court has discretion to determine what kind of showing a party must make to satisfy the good cause requirement.[28]

The Court finds that good causes exists. Ms. Konyo informally raised a desire to amend her complaint during the December 6, 2016 telephone conference call, prior to the December 13 deadline. Therefore, ARS was clearly on notice that a formal request would be forthcoming.[29] More importantly, the scheduling order directed Ms. Konyo to circulate her proposed pleading to determine if there would be consent prior to filing a formal motion. To the extent Ms. Konyo did not meet the scheduling order deadline, part of the reason may have been attributable to attempts to resolve this issue without the need for a formal motion, a practice endorsed by the Court's Local Civil Rules.[30]

---

[25] *Phillips v. Greben,* No. 04–5590, 2006 WL 3069475, at *6 (D.N.J. Oct. 27, 2006) (internal citations and quotations omitted); *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 469 (D.N.J. 1990).

[26] *Phillips,* 2006 WL 3069475, at *6.

[27] *High 5 Games, LLC v. Marks*, No. 13-7161, 2017 WL 349375, at *2 n.2 (D.N.J. Jan. 24, 2017) (citing 6A Alan Wright et al., Federal Practice & Procedure § 1522.2, at 313 (3d ed. 2010))

[28] *See Phillips,* 2006 WL 3069475, at *6 (internal quotations omitted); *Thoman v. Philips Med. Sys.*, No. 04-3698, 2007 WL 203943, at *10 (D.N.J. Jan. 24, 2007) (citing 3 James W. Moore et al., Moore's Federal Practice § 16.14[1] [b] (3d ed.1997)).

[29] *See High 5 Games, LLC*, 2017 WL 349375, at *3.

[30] *See id.* (footnote omitted); (*See also* D.E. 17-1, Pl.'s Br. at 3) (describing Ms. Konyo's attempts to gain consent prior to filing the present motion).

The Federal Rules are not meant to trap those who may be caught off guard—they are meant to assure fair, efficient and focused conduct of litigation.[31] It appears that Ms. Konyo exercised reasonable diligence in informing both ARS and the Court of her intention to file a proposed amended complaint during the December 6, 2016 telephone call. Shortly thereafter, Ms. Konyo exchanged the proposed pleading with ARS. After failing to obtain consent, Ms. Konyo filed the motion for leave to amend in a timely manner.[32] Therefore, the Court finds that good cause exists to modify the scheduling order to allow the Court to consider Ms. Konyo's present motion.[33]

B.      **Rule 15 Liberal Standard**

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave."[34] The decision to grant or deny leave to amend is "committed to the sound discretion of the district court."[35] While courts have broad discretion to decide motions to amend, they are to "heed Rule 15(a)'s mandate that amendments are to be granted freely in the interests

---

[31] *In re Merck & Co., Inc.*, 2012 WL 406905, at *5 (citing *Housing Authority of City of Jersey City v. Jackson,* 749 F.Supp. 622, 627 (D.N.J.1990) (noting that the federal rules of civil procedure "are not designed to lay a subtle snare for the unwary pleader, but rather to avoid multiple lawsuits, except where a showing of oppression, prejudice or delay is made."); *Frommeyer v. L. & R. Construction Co.,* 139 F. Supp. 579, 585 (D.N.J. 1956) ("[t]he aim of procedural rules is facilitation not frustration of decisions on the merits")).

[32] *See Sabatino,* 2013 WL 1622306, at *6 (citing *GlobespanVirata, Inc. v. Texas Instruments, Inc.,* No. 03–2854, 2005 WL 1638136, at *3 (D.N.J. July 12, 2005)).

[33] *See Feuerstack v. Weiner*, No. 12-04253, 2013 WL 3949234, at *1 n.1 (D.N.J. July 30, 2013).

[34] Fed. R. Civ. P. 15(a)(2).

[35] *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).

of justice."[36] This ensures that "a particular claim will be decided on the merits rather than on technicalities."[37] In the absence of unfair prejudice, futility of amendment, undue delay, bad faith, or dilatory motive, the court must grant a request for leave to amend.[38] Here, ARS bears the burden of demonstrating that the proposed amendments would be futile or that it will suffer unfair prejudice if Ms. Konyo's proposed amendments are granted.[39]

C. The Proposed § 1692(d) and Form 1099 claims

Ms. Konyo seeks to amend her complaint to add a statutory violation of § 1692(d) of the Fair Debt Act and to add new factual allegations regarding IRS Form 1099 reporting requirements contained in the April 2015 collection letter (collectively, the "§ 1692(d) and 1099 claims").[40] In opposition, ARS proffers that allowing the § 1692(d) and 1099 claims would be prejudicial in that additional discovery and the defense of new claims "far beyond" the scope of Ms. Konyo's original complaint would be required.[41] ARS also argues that the claims are futile.[42]

---

[36] *Voilas et al. v. General Motors Corp., et al.*, 173 F.R.D. 389, 396 (D.N.J. 1997) (internal citations and quotations omitted); Fed. R. Civ. P. 15(a)(2).

[37] *Dole v. Arco Chem. Co.,* 921 F.2d 484, 487 (3d Cir. 1990) (internal citation omitted).

[38] *Grayson v. Mayview State Hosp.,* 292 F.3d 103, 108 (3d Cir. 2002).

[39] Ms. Konyo argues that her present motion was not filed with undue delay. (*See* D.E. 17-1, Pl.'s Br. at 5-7). ARS does not rebut this contention directly, but instead argues that Ms. Konyo was not diligent in seeking to amend her complaint and therefore cannot establish good cause under Rule 16. (*See* D.E. 19, Def.'s Opp. at 12-15). As the Court finds that good cause exists for Ms. Konyo to amend her complaint under Rule 16, the Court also finds that Ms. Konyo did not act with undue delay in filing her proposed amended complaint under Rule 15. Neither Ms. Konyo nor ARS raise arguments of bad faith or dilatory motive.

[40] (D.E. 17-2, Ex. E, Proposed Am. Compl. ¶ 55 at 52); (D.E. 17-1, Pl.'s Br. at 2); (D.E. 22, Pl.'s Reply at 3-6).

[41] (D.E. 19, Def.'s Opp. at 16).

[42] (*Id.*).

7

Allowing Ms. Konyo to assert the § 1692(d) and 1099 claims will not unfairly prejudice ARS. It is well-settled that prejudice to the non-moving party is the touchstone for the denial of an amendment.[43] In gauging prejudice, the Court considers whether allowing the § 1692(d) and 1099 claims would require ARS "to expend significant additional resources to conduct discovery and prepare for trial" or "significantly delay the resolution of the dispute."[44] Currently, no pre-trial conference has occurred and no trial date has been set. Moreover, the Court recently extended fact discovery until July 7, 2017.[45] ARS argues that it will be prejudiced by the amount of additional discovery it may have to perform should the proposed allegations be allowed. ARS, however, has not demonstrated that it will be denied the opportunity to present facts or evidence to defend itself against Ms. Konyo's claims.[46]

Additionally, the § 1692(d) and 1099 claims are not clearly futile. "In assessing 'futility' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)."[47] Under this standard, a complaint "merely has to state a plausible claim for relief," as the pleading standard "is not akin to a probability requirement."[48] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[43] *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823–24 (3d Cir. 1978) (internal citations omitted).

[44] *Ruotolo v. Ctiy of New York*, 514 F.3d 184, 192 (2d Cir. 2008) (internal citations omitted).

[45] (D.E. 21).

[46] *See Koch Materials Co. v. Shore Slurry Seal, Inc.*, 216 F.R.D. 301, 306 (D.N.J. 2003).

[47] *U.S. Fire Ins. Co. v. Kelman Bottles*, 538 F. App'x. 175, 184 (3d Cir. 2013) (internal citations and quotations omitted).

[48] *Covington v. International Association of AP-Proved Basketball Officials*, *et al.*, 710 F.3d 114, 118 (3d Cir. 2013) (citing *Iqbal v. Twombly*, 556 U.S. 662, 678-79 (2009)).

defendant is liable for the misconduct alleged."[49] "[T]he District Court determines futility by taking all pleaded allegations as true and viewing them in a light most favorable to the plaintiff."[50]

Ms. Konyo does not add a Fair Debt Act claim to the proposed amended complaint as it was asserted in the original pleading.[51] At most, the proposed amended complaint contains further allegations of fact supporting Ms. Konyo's operative claims.[52] The § 1692(d) and 1099 claims, as presented, are not plainly frivolous. While it is possible that some or even all of Ms. Konyo's claims may fail, for the purposes of the present motion, the Court cannot conclude that any aspect of these new allegations are clearly futile.[53]

In allowing Ms. Konyo to amend her complaint, the Court must next determine whether the § 1692(d) and 1099 claims relate back to the date of the filing of the original complaint.[54] The Fair Debt Act imposes a one-year statute of limitations from the date of the alleged violation and does not provide for relation back.[55] As such, the § 1692(d) and 1099 claims can only relate back if they arise out of the same conduct, transaction or occurrence set out in Ms. Konyo's original

---

[49] *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (internal citations and quotations omitted).

[50] *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010) (internal citations and quotations omitted).

[51] *See Rosenzweig v. Transworld Sys., Inc.*, No. 16-227, 2016 WL 5106995, at *3 (D.N.J. Sept. 20, 2016).

[52] *Id.*

[53] *See id.*, at *4.

[54] *See Zavian v. Pride Fin., LLC*, No. 15-1920, 2016 WL 3574008, at *3 (D.N.J. June 30, 2016).

[55] 15 U.S.C. § 1692k(d); *Glover v. F.D.I.C.*, 698 F.3d 139, 145 (3d Cir. 2012).

complaint.[56] "Where an amendment relates back, Rule 15(c) allows a plaintiff to sidestep an otherwise-applicable statute of limitations, thereby permitting resolution of a claim on the merits as opposed to a technicality."[57] As the Third Circuit has explained, "amendments that restate the original claim with greater particularity or amplify the factual circumstances surrounding the pertinent conduct, transaction or occurrence in the preceding pleading" will relate back because "application of Rule 15(c) involves a search for a common core of operative facts in the two pleadings."[58] An amendment "does not relate back ... when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."[59]

In *Smith v. Rubin & Raine of New Jersey, LLC*, the District Court found no relation back where the plaintiff's original complaint contained allegations relating to one subsection of the Fair Debt Act based on one letter while the proposed amended complaint contained allegations under a different subsection of the Act based on two distinct letters.[60] The *Smith* Court held that that plaintiff's amended complaint "assert[ed] new grounds for relief on a new set of facts, which differ in both time and type from the claims asserted in the Initial Complaint."[61] Here, Ms. Konyo's original complaint alleged violations of §§ 1692(e) and (f) of the Fair Debt Act based on the April 2015 collection letter. Her proposed amended complaint seeks to add the § 1692(d) and 1099

---

[56] *See Glover*, 698 F.3d at 145; *Smith v. Rubin & Raine of New Jersey, LLC*, No. 08-5724, 2009 WL 2143644, at *2 (D.N.J. July 14, 2009).

[57] *Glover*, 698 F.3d at 145.

[58] *See Smith*, 2009 WL 2143644, at *2 (citing *Bensel v. Allied Pilots Ass'n,* 387 F.3d 298, 310 (3d Cir. 2004)).

[59] *Id.* (internal citation omitted).

[60] *See id.*, at *3.

[61] *Id.*

10

claims, which are based on the same letter that formed the basis of Ms. Konyo's original complaint. In contrast to *Smith*, the § 1692(d) and 1099 claims here are based on the same set of facts, and do not differ in time or type from the claims asserted in the original complaint. Accordingly, the Court finds that the § 1692(d) and 1099 claims relate back to Ms. Konyo's original complaint.

        **D.**        **The Proposed Class Claims**

Ms. Konyo further seeks to amend her complaint to bring class action claims. ARS opposes this request based on prejudice and futility. Specifically, ARS argues that the class allegations do not relate back to the original complaint and are barred by the expiration of the applicable statute of limitations period.[62]

When an amendment seeks to change a party against whom a claim is asserted, as opposed to merely the allegations set forth in the pleading, the relation back rule is more stringent.[63] This District has held that such amendments require more than a showing that the claim arose out of the same conduct or transaction originally pled but also "introduces considerations of both prejudice and notice."[64] There is a conflict of authority regarding the appropriate standard to apply when an amendment seeks to add additional plaintiffs, as opposed to additional defendants or additional claims against existing defendants, particularly in the class action context.[65] Ms. Konyo suggests that this Court should not require a strict application of all three Rule 15 elements, but

---

[62] (D.E. 19, Def.'s Opp. at 9-11).

[63] *Zavian*, 2016 WL 3574008, at *4 (citing *Feuerstack*, 2013 WL 3949234, at *2).

[64] *See Feuerstack*, 2013 WL 3949234, at *2 (discussing Fed. R. Civ. P. 15(c)(1)(B) and 15(c)(1)(C)).

[65] *See id.*, at *3-4 (discussing applications of the three element Rule 15(c)(1)(C) analysis and completely different analyses adopted by courts) (internal citations omitted).

instead argues that "where the new [class action] claims arise out of the same conduct, transaction or occurrence should be enough."[66]

Ms. Konyo's arguments are unavailing. It appears that this Circuit continues to demand the satisfaction of all three elements, including both a mistake concerning the identity of the new party and notice within the time provided by Rule 4(m).[67] Guided by this precedent, the Court finds that Ms. Konyo's proposed amendment to expand her individual claims to include a statewide class of New Jersey consumers does not relate back to the original complaint for failure to satisfy the notice and prejudice requirements of Rule 15(c)(1)(C).[68] Ms. Konyo avers that the claims asserted on behalf of the proposed class involve the same conduct and the same or substantially similar collection letter as alleged in the original complaint.[69] However, it is undisputable that ARS was not on notice of Ms. Konyo's proposed class claims until the December 6, 2016 conference call with the Court, at the earliest, or when ARS received a copy of Ms. Konyo's proposed amended complaint on December 26, 2016, at the latest. Either way, ARS received notice beyond the 120 day period provided for by Rule 4(m).[70] Without adequate notice, expansion

---

[66] (D.E. 22, Pl.'s Reply at 7).

[67] *See Feuerstack*, 2013 WL 3949234, at *4 (internal citations omitted).

[68] *See id.* (internal citations omitted).

[69] (*See* D.E. 22, Pl.'s Reply at 7). The Court acknowledges that at one point in the original complaint, Ms. Konyo alleged claims "on behalf of herself and others similarly situated…" (D.E. 1-1, Ex. A, Pl.'s Compl. ¶ 29 at 7). This allegation appears to be an outlier within a complaint that otherwise sets forth individual claims. Ms. Konyo also acknowledged the possibility that the Court might not grant her motion to include class claims and does not argue that such claims were originally asserted. (D.E. 22, Pl.'s Reply at 3 n.1). Therefore, the Court finds that this one statement cannot adequately satisfy the relation back notice requirement of Rule 15(c)(1)(C)(i).

[70] *See Feuerstack*, 2013 WL 3949234, at *4 (internal citation and footnote omitted).

of Ms. Konyo's individual claims to a statewide class basis would unduly prejudice ARS. The addition of class action claims is therefore improper.

For the foregoing reasons, the Court shall grant in part and deny in part Ms. Konyo's motion to amend. An appropriate Order follows.

## ORDER

**IT IS** on this Wednesday, April 26, 2017,

**ORDERED** that Plaintiff Konyo's motion for leave to amend the complaint with respect to adding a statutory violation of § 1692(d) of the Fair Debt Act and factual allegations regarding IRS Form 1099 reporting requirements is **GRANTED**; and it is further

**ORDERED** that Plaintiff Konyo's motion for leave to amend the complaint with respect to adding class-action allegations is **DENIED**; and it is further

**ORDERED** that Plaintiff Konyo shall file the appropriate Amended Complaint within **seven (7) days** of this Order; and it is further

**ORDERED** that Defendant ARS shall file an appropriate response to the Amended Complaint within **fourteen (14) days** thereafter.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

4/26/2017 9:12:59 AM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties
   File